IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HI-TECH PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-cv-03490-AT |
| | : | |
| GE PHARMA, LLC, and PETER D. KLEIN, an individual and d/b/a SPORTS ONE, INC., d/b/a GE PHARMA, LLC, | : | |
| Defendants. | : | |

## **ORDER**

This case is before the Court on Plaintiff's Motion to Dismiss [Doc. 9] seeking to voluntarily dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Plaintiff filed its Complaint for breach of contract on October 5, 2012. (Doc. 1.)  Defendant Peter Klein filed a Special Appearance and Motion to Dismiss for lack of personal jurisdiction on January 28, 2013.  (Doc. 6.) Defendant GE Pharma LLC filed an Answer on January 29, 2013.  (Doc. 5.) Plaintiff filed its Motion to Dismiss this action voluntarily on February 14, 2013. (Doc. 9.)  Neither Defendant has filed counterclaims or any opposition to Plaintiff's motion for voluntary dismissal without prejudice.  (*See* Dkt.)

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request by court order, on terms that the court

considers proper." Fed. R. Civ. P. 41(a)(2).  "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result . . . The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986); *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).  The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2).  *McCants*, 781 F.2d at 857.

Accordingly, as Plaintiff's Motion to Dismiss is deemed unopposed and the Court finds no indication that Plaintiff has acted in bad faith or that Defendants will suffer any legal prejudice if Plaintiff is allowed to dismiss the case without prejudice, Plaintiff's Motion [Doc. 9] is **GRANTED**.  The Court therefore **DISMISSES** this action **WITHOUT PREJUDICE**.  The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 10th day of April, 2013.


_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**